UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

LARDELL WESLEY,

          Petitioner,

v.

STATE OF MINNESOTA,

          Respondent.

Civil File No. 06-4361(RHK/JSM)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be SUMMARILY DISMISSED without prejudice pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

In December 2004, a Minnesota state court jury found Petitioner guilty of second degree criminal sexual assault. He was sentenced to 48 months in prison, and he is presently serving his sentence at the Minnesota Correctional Facility at Moose Lake, Minnesota. (Petition, [Docket No. 1], p. (2), ¶s 1-6.)

Petitioner appealed his conviction and sentence on several grounds, but the Minnesota Court of Appeals rejected all of his arguments on the merits, and upheld the

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

jury's verdict and the resulting prison term.  State of Minnesota v. Wesley, No. A05-784 (Minn.App. 2006), 2006 WL 696322 (unpublished opinion).  The Minnesota Supreme Court denied Petitioner's application for further review on July 19, 2006.

On October 31, 2006, Petitioner filed his current application for federal habeas corpus review under 28 U.S.C. § 2254.  This petition lists three claims for relief:

(1) that Petitioner's conviction should be vacated, because the manner in which the prosecution was allowed to use certain video-tape statements is prohibited by the Constitution's double jeopardy clause and due process clause;

(2) that "the over zealousness of the prosecution to prosecute in a serious felony abridge[d]" the double jeopardy clause; and

(3) that Petitioner was deprived of his constitutional right to "present witness[es] on his behalf."

(Petition, pp. (5)-(6), ¶ 12.)

None of Petitioner's current habeas claims can be entertained at this time, however, because he has not fairly presented all of his claims to the Minnesota state courts.[2]

## II.  DISCUSSION

It is well-established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies.  28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838,

---

[2] Petitioner has done an extremely poor job of explaining his current habeas corpus claims.  It seems reasonably clear that his first two claims are based on the double jeopardy clause, and his final claim is based on his due process right to present a defense; but beyond that, it is impossible to discern what he is really trying to say.  The dismissal of the present petition will give Petitioner a much-needed opportunity to refine and clarify his claims for relief.

842 (1999); Rose v. Lundy, 455 U.S. 509 (1982).  This exhaustion of state remedies

requirement is based on the principles of comity and federalism; its purpose is to ensure

that state courts are given the first opportunity to correct alleged federal constitutional

errors raised by state prisoners.  Baldwin v. Reese, 541 U.S. 27, 29 (2004); O'Sullivan, 526

U.S. at 844; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy,

455 U.S. at 518-19.

To exhaust his state court remedies, a prisoner must fairly present his federal

constitutional claims to the highest available state court before seeking relief in federal

court.  O'Sullivan, 526 U.S. at 845; Duncan, 513 U.S. at 365-66.  See also McCall v.

Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas

petition, we must first determine whether the petitioner has fairly presented his federal

constitutional claims to the state court").  Furthermore, a habeas petitioner must exhaust

his state court remedies with respect to all of the claims that he wishes to raise in a federal

habeas corpus petition.  A "mixed petition" -- i.e., one that includes both exhausted and

unexhausted claims -- will be dismissed for non-exhaustion.  Rose, 455 U.S. at 510, 522.

In this case, Petitioner has not exhausted his state court remedies for at least two

of the grounds for relief listed in his habeas corpus petition – namely his two double

jeopardy claims, (Grounds One and Two).[3]  Indeed, Petitioner has candidly acknowledged

that his double jeopardy claims, (and perhaps his right to present a defense claim, as well),

_____

[3] It is unclear whether Petitioner's third claim for relief, based on his constitutional
right to present a defense, has been exhausted.  In his direct appeal, Petitioner did argue
that the trial court wrongly excluded certain evidence that allegedly should have been
admitted at trial.  However, Petitioner's explication of his third claim for relief is
exceptionally vague and incomplete, even by pro se prisoner standards; so it is impossible
to know for sure whether that claim was fairly presented in his direct state court appeal.

were <u>not</u> raised in the state courts.  (Petition, p. (6), ¶ 13.)  Therefore, Petitioner obviously has not satisfied the exhaustion of state remedies requirement.[4]

Furthermore, there is a state court remedy that <u>might</u> still be available for Petitioner's unexhausted claims -- namely a motion for post-conviction relief brought under Minn.Stat. § 590.01.  The Court recognizes that Petitioner may be procedurally barred under state law from raising his unexhausted claims in a state post-conviction motion, if the state courts determine that those claims could have been previously raised on direct appeal.  <u>See</u> <u>McCall</u>, 114 F.3d at 757 ("Minnesota law provides that once the petitioner has directly appealed his sentence 'all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief'"), citing <u>State v. Knaffla</u>, 243 N.W.2d 737, 741 (Minn. 1976); <u>Roby v. State</u>, 531 N.W.2d 482, 484 (Minn. 1995).  However, it is preferable to have the Minnesota state courts, rather than the federal district court, decide which (if any) of Petitioner's unexhausted federal constitutional claims can still be heard and decided on the merits in state court, and which claims are barred by the state's procedural rules.[5]

---

[4]  The petition includes the phrase "in light of excusable neglect."  (Petition, p. (6), ¶ 13.)  However, that phrase – whatever it may have been intended to mean – is not sufficient to excuse Petitioner's non-exhaustion.

[5]  Any claims that the state courts refuse to decide on the merits because of a state procedural rule will be procedurally defaulted, and will not be reviewable in a future federal habeas proceeding, except upon a showing of sufficient cause and prejudice to excuse the procedural default, or upon presentation of new evidence proving "actual innocence."  <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991).  <u>See</u> <u>also</u> <u>Jones v. Jerrison</u>, 20 F.3d 849, 853 (8th Cir. 1994), ("[f]ederal courts will not review a procedurally defaulted claim because 'a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance'"), quoting <u>Coleman</u>, 501 U.S. at 732.

## III. CONCLUSION

In sum, the Court finds that this action must be summarily dismissed, because Petitioner has not exhausted his state court remedies for all of his current claims for relief. It will be recommended that the action be dismissed without prejudice, however, so that Petitioner can return to the state courts and attempt to exhaust his presently unexhausted claims.[6] Petitioner may return to federal court -- if necessary -- after the state courts, including the Minnesota Supreme Court, have reviewed and decided all of the claims that he seeks to present in federal court. See Ashker v. Leapley, 5 F.3d 1178, 1180 (8th Cir. 1993).[7]

Finally, the Court notes that Petitioner has applied for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a). (Docket No. 2.) That request must be denied, because petitioner has failed to state an actionable claim for habeas corpus relief. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

---

[6] If Petitioner pursues this option, he should bear in mind that he will not satisfy the exhaustion requirement unless he also pursues every available avenue of appellate review, (if relief is not granted by the trial court). See O'Sullivan, 526 U.S. at 845 ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process") (emphasis added).

[7] Petitioner is reminded that if he finds it necessary to return to federal court, he should make a much greater effort to clearly describe the factual and legal bases for his claims. (See n. 2, supra.) If he files another petition that is as incomprehensible as the current petition, he will undoubtedly be denied any relief.

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

and

2. Petitioner's application for a writ of habeas corpus be summarily **DISMISSED**

**WITHOUT PREJUDICE**.

DATED: November 3, 2006

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 23, 2006**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.